[Cite as *State v. Casteel*, 2020-Ohio-4898.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2019 AP 10 0041 |
| DOUGLAS M. CASTEEL | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 2018 CR 10 0359 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 9, 2020 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MICHAEL J. ERNEST | JACOB T. WILL |
| ASSISTANT PROSECUTING ATTORNEY | 54 East Mill Street |
| 125 East High Avenue | Suite 400 |
| New Philadelphia, Ohio 44663 | Akron, Ohio 44308 |

*Wise, J.*

**{¶1}** Appellant Douglas Casteel appeals his conviction and sentence in the Tuscarawas County Court of Common Pleas for improperly handling firearms in a motor vehicle in violation of Ohio Revised Code 2941.145(A) and having weapons under disability in violation of Ohio Revised Code 2923.13(A)(2). Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 16, 2018, Appellant was indicted on one count of Improperly Handling Firearms in a Motor Vehicle in violation of R.C. 2941.145(A) and one count of Having Weapons Under Disability in violation of R.C. 2923.13(A)(2).

**{¶3}** On August 6, 2019, a jury trial commenced.

**{¶4}** Rex Watson, a resident of Newcomerstown, was familiar with Appellant, as Appellant and Mr. Watson's daughter have a baby together. He testified that on April 20, 2018, he was at his home when he heard arguing outside. He exited his home and saw Appellant in a van behind his house. He then heard a gunshot, and Appellant drove away.

**{¶5}** Next, Luke Williams, also familiar with Appellant, testified he was at the home of Rex Watson on April 20, 2018, when he also heard arguing taking place outside. Mr. Williams stated that he went to the back porch of Mr. Watson's home when he saw Appellant with his head out the door of the vehicle. Mr. Williams continued that it appeared the Appellant fired a gun out of the van window. Mr. Williams also testified that he is familiar with Appellant and has observed him frequently operating this same van.

**{¶6}** Officer Larry Hootman of the Ohio Bureau of Criminal Investigation testified that he discovered one .25 caliber cartridge casing within the van seized by

Newcomerstown Police Department. He also testified that he assisted the Newcomerstown Police Department by providing a gunshot residue kit and instructing the officers on how to use the kit.

{¶7} Next, Sgt. Cheri Creager testified to a phone call made by Appellant from the prison phones. On the call, Appellant can be heard saying, "nothin' hit nothin' and they're trying to make a bigger deal out of it than what it is." State's Exhibit L.

{¶8} Appellee then called Officer Opha Lawson of the Newcomerstown Police Department to testify. Officer Lawson testified that he is familiar with Appellant. He knows Appellant to operate a van registered to Ashley Rehard; this van was suspected of being used in the shooting which took place at Mr. Watson's house. Law enforcement found both Appellant and the van at the same address. The van was seized and taken back to the Newcomerstown Police Department. Officer Lawson further testified a gunshot residue test was performed.

{¶9} The next witness to testify was Stephanie Ickes. Ms. Ickes testified she was at Mr. Watson's home on the day of the shooting providing in-home healthcare for Mr. Watson. Ms. Ickes also testified she is familiar with Appellant. Upon hearing arguing, she stepped outside onto the back porch. She saw Appellant either in or next to the van. As the van moved from left to right, Ms. Ickes stated she heard a gunshot and saw Appellant with a black handgun in his hand.

{¶10} The final witness called by Appellee was Donna Schwesinger. Ms. Schwesinger is employed by the Ohio Bureau of Criminal Investigation. As part of her employment she conducts gunshot residue testing. Ms. Schwesinger testified she

received the gunshot residue kit for this case, and upon analyzing, determined there were particles that were characteristic of gunshot primer residue.

**{¶11}**  On August 7, 2019, a jury found Appellant guilty of both charges.

**{¶12}**  On September 17, 2019, the trial judge sentenced Mr. Casteel to thirty-six months on count one, eighteen months on count two, and an additional thirty-six months on the firearm specification to be served consecutively for an aggregate sentence of ninety months.

**ASSIGNMENT OF ERROR**

**{¶13}**  On October 10, 2019, Appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

**{¶14}**  "I. THE JURY'S FINDINGS OF GUILT AS TO ALL THREE CHARGES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

**{¶15}**  "II. APPELLANT'S CONVICTIONS FOR IMPROPER HANDLING OF FIREARMS IN A MOTOR VEHICLE AND THE FIREARM SPECIFICATION WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶16}**  "III. THE COURT COMMITTED REVERSABLE [sic] ERROR WHEN IT FAILED TO CONSIDER WHETHER APPELLANT'S SENTENCES SHOULD MERGE AS ALLIED OFFENSES UNDER ORC 2941.25."

**I., II.**

**{¶17}** In Appellant's First and Second Assignments of Error, Appellant argues that the jury's guilty verdict is against the manifest weight of the evidence and not supported by sufficient evidence. We disagree.

**{¶18}** Sufficiency of evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380. Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶19}** As opposed to the sufficiency of evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380.

**{¶20}** Under the weight of the evidence argument, the appellate court shall consider the same evidence as when analyzing the sufficiency of the evidence argument. Appellant argues the jury clearly lost its way as their conviction of Appellant based on the total weight of the evidence was a manifest miscarriage of justice.

**{¶21}** The State indicted Appellant on one count of Improperly Handling Firearms in a Motor Vehicle in violation of R.C. 2923.16(A) with a Firearm Specification under R.C.

2941.145(A), and one count of Having Weapons Under Disability in violation of R.C. 2923.13(A)(2).

{¶22} R.C. 2923.16(A) states, "No person shall knowingly discharge a firearm while in or on a motor vehicle."

{¶23} R.C. 2941.145(A) states:

Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:

SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense).

{¶24} R.C. 2923.13(A) states:

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(1)     The person is a fugitive from justice.

(2)     The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶25} At trial, the State produced evidence that Appellant was convicted of burglary in December of 2019. The State produced witnesses that stated they are familiar with Appellant, and they observed him operating a minivan near the home of Rex Watson on April 20, 2018. Multiple witnesses stated they heard what sounded like a gunshot coming from the minivan being operated by the Appellant. At least one witness testified she saw Appellant with a gun in the minivan.

{¶26} Law enforcement testified that after seizing the van they found a used shell casing for a bullet and discovered gunshot residue on the interior of the minivan. Law enforcement also testified that they apprehended Appellant climbing out of a window at a house when law enforcement attempted to speak with him after the shooting.

{¶27} Finally, the State produced a recorded phone call from the Tuscarawas County Justice Center on which Appellant can be heard stating, "nothin' hit nothin' and they're trying to make a bigger deal out of it than what it is." State's Exhibit L.

{¶28} We find the State produced sufficient evidence, if believed by a jury, that Appellant knowingly discharged a firearm while in a motor vehicle and had been convicted of a felony offense of violence. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

{¶29} Appellant's First and Second Assignments of Error are overruled.

**III.**

{¶30} In Appellant's Third Assignment of Error, Appellant argues the trial court committed reversible error by not concluding that he was convicted of allied offenses, and therefore they should have merged for sentencing purposes.

{¶31} R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶32} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held:

1.      In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2841.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2.      Two or more offenses of dissimilar import exist within the meaning of R.C. 2841.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3.      Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶33}  In paragraph 26 of the opinion, the *Ruff* court stated:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the

meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. *Id.*

{¶34} In *State v. Sanderfer*, 5th Dist. Richland No. 15CA4, 2015-Ohio-4285, ¶27, the defendant was convicted of felonious assault with a firearm specification and having weapons while on disability. *Id.* at ¶13. The defendant appealed contending these two charges are allied offenses and the trial court erred in failing to merge them. *Id.* at ¶17. This Court held having a weapon on disability occurred when the defendant acquired the firearm, and the conduct of firing his gun at the victim was the felonious assault, done with separate animus.

{¶35} In the case *sub judice*, when Appellant acquired the firearm he committed having a weapon on disability. However, the conduct of firing the gun inside the vehicle was done with separate animus than acquiring the underlying firearm.

{¶36} Appellant further argues the trial court failed to make a finding regarding allied offenses, and in doing so has committed reversible error. We disagree.

{¶37} At the sentencing hearing, Appellant raised the issue of merger arguing the weapons under disability and the improper handling of a firearm would be allied offenses and should merge as they are substantially the same conduct. The trial court, while not specifically stating these are not allied offenses of similar import, did inherently rule such by sentencing Appellant separately on the offenses.

**{¶38}**  Appellant's Third Assignment of Error is overruled.

**{¶39}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, J., and

Baldwin, J., concur.



JWW/b 0929